UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN KALASHO and MATTHEW PUTRUS,<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | Case No.: 20-CV-1423-CAB-AHG<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Doc. No. 8] |

On May 29, 2020, Plaintiffs filed this lawsuit in San Diego County Superior Court. The complaint purports to state six state law claims, including several under California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), arising out of alleged defects in a 2019 BMW M5 automobile that Plaintiffs leased beginning in January 2019. [Doc. No. 1 at 12-19.] On July 22, 2020, Defendant BMW of North America, LLC ("BMW NA") removed the case to this Court on the basis of diversity jurisdiction. Plaintiffs now move to remand, arguing that BMW NA has not sufficiently established either diversity of the parties or the requisite amount in controversy as required for this Court to exercise diversity jurisdiction. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. The motion is denied.

1

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). This burden is particularly stringent for removing defendants because "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting the "strong presumption" against removal jurisdiction).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for 'federal-question' jurisdiction, § 1332 for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y.H.Corp.*, 546 U.S. 500, 513 (2006) (internal brackets omitted). "For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states." *Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016); *see also* 28 U.S.C. § 1332(a).  Both of these requirements for diversity jurisdiction are satisfied here.

### *Diversity of the Parties*

As for the citizenship of the parties, BMW NA has presented evidence, including the lease agreement [Doc. No. 1 at 37-43], a bill of sale for the vehicle [Doc. No. 11-3 at 10], and service receipts for the vehicle [Doc. Nos. 11-4 through 11-12], indicating that Plaintiffs reside in California, along with evidence that BMW NA is not a citizen of California [Doc. No. 11-1 at ¶ 16].  Plaintiffs offer no contradictory evidence and do not dispute that they reside in and are citizens of California and that BMW NA is not a citizen of California.  Rather, Plaintiffs sole argument is that BMW NA's evidence is inadmissible and is not the "summary-judgment-type evidence" necessary to establish jurisdiction on removal.  *Cf. Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (stating that when damages are not stated in the complaint, "[t]he parties may submit

evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal").

Plaintiffs object to BMW NA's evidence based on lack of foundation, lack of authenticity, and hearsay. These objections are misplaced. Rule 56 governing motions for summary judgment provides that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must . . . set out facts that *would be admissible* in evidence. . . ." Fed. R. Civ. P. 56(c)(4) (*emphasis* added). Plaintiffs do not argue that BMW NA's declarations and evidence would not be admissible under any circumstances at a trial, and the material does not present any insurmountable evidentiary obstacles such as lack of foundation or proper authentication. Accordingly, BMW NA's evidence is "summary-judgment-type evidence," and Plaintiffs' objections are overruled. *See generally Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) ("[W]hen evidence is not presented in an admissible form in the context of a motion for summary judgment, *but it may be presented in an admissible form at trial*, a court may still consider that evidence.") (*emphasis* in original) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003)).

The unrebutted evidence in the record demonstrates that Plaintiffs reside in California. Although not definitive, "a person's residence is prima facie evidence of domicile and citizenship," *Lee v. BMW of N. Am., LLC*, No. SACV1901722JVSADSX, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have been changed."). Because BMW NA's unrebutted evidence sufficiently demonstrates that Plaintiffs are citizens of California, while BMW NA is a citizen of Delaware and New Jersey, this element of diversity jurisdiction is satisfied.

***Amount in Controversy***

As for the amount in controversy, BMW NA directs the Court's attention to the total amount owed by Plaintiffs under the lease agreement over the lifetime of the lease

($64,900), and argues that this amount, along with attorneys' fees and a two times civil penalty sought in the complaint, demonstrates that more than $75,000 is in controversy. Plaintiffs, meanwhile, primarily contest the admissibility of this evidence with the same misguided arguments rejected *supra*. Considering the evidence submitted by BMW NA, combined with the allegations in the complaint concerning entitlement to civil penalties and attorney's fees, BMW NA has satisfied its burden to establish that more than $75,000 is in controversy in this case.

Moreover, for this element of the diversity jurisdiction analysis, the Court need not consider any evidence outside of the complaint because the face of the complaint demonstrates the amount in controversy exceeds $75,000. Specifically, the complaint alleges that "Plaintiffs suffered damages in a sum to be proven at trial but not less than $25,000.00." [Doc. No. 1 at 14, Complaint ¶ 9.] The complaint also alleges that "Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages . . . ." [*Id.* at ¶¶ 10, 11, 17, 20, 24, and Prayer C.] Thus, even using the minimum amount of damages alleged in the complaint, the $75,000 minimum for diversity jurisdiction is satisfied when accounting for civil penalties and the attorney's fees Plaintiffs had incurred as of the date of removal [Doc. No. 8-2].[1] Accordingly, that the amount in controversy exceeds $75,000 can be determined from the face of the complaint.

---

[1] *See generally Coronel v. Ford Motor Co.*, No. CV1909841DSFJEM, 2020 WL 550690, at *6 (C.D. Cal. Feb. 4, 2020) (finding more than $75,000 in controversy based on allegations of not less than $25,001 in damages and entitlement to penalties of two times actual damages); *see also Park v. Jaguar Land Rover N. Am., LLC*, No. 20-CV-00242-BAS-MSB, 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020) (holding that allegation in complaint that plaintiff "is entitled to the full 'civil penalty of two times Plaintiff's actual damages,' and not up to that amount . . . support[s] the conclusion that the maximum amount of civil penalties is properly included in the amount in controversy determination."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (finding that civil penalties under California's Song-Beverly Act are similar to punitive damages such that they "are properly included in the amount in controversy"); *cf. Brooks v. Ford Motor Co.*, No. CV 20-302 DSF (KKX), 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) (including civil penalties when determining the amount in controversy because "[i]t would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act, given that most defendants, including Defendant here, will 'den[y] that it willfully failed to comply with the Song-Beverly.'").

In light of the foregoing, BMW NA has satisfied its burden to demonstrate the existence of diversity jurisdiction. Plaintiffs' motion to remand is therefore **DENIED**.[2]

It is **SO ORDERED**.

Dated:  September 23, 2020

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] Plaintiff's comity arguments are misplaced. "District courts sitting in diversity . . . lack the option of refusing state law claims out of consideration for 'judicial economy, convenience, fairness, and comity.'" *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n.2 (9th Cir. 2009) (Fisher, J., concurring) (quoting *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997)).