UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN KALASHO and MATTHEW PUTRUS,<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 3:20-CV-01423-CAB-AHG<br><br>**ORDER RE MOTION TO COMPEL ARBITRATION**<br><br>[Doc. No. 16] |

This matter comes before the Court on Defendant BMW of North America, LLC's (hereinafter "BMW NA") motion for an order compelling arbitration and staying this action. [Doc. No. 16.] The motion has been fully briefed and the Court deems it suitable for determination on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the reasons set forth below, the motion to compel arbitration is **DENIED**.

**I.    Background**

In January 2019, Plaintiffs Calvin Kalasho and Matthew Putrus (collectively "Plaintiffs") entered into a contract with a car dealership (hereinafter "Dealer") to lease a 2019 BMW M5 automobile for personal use. [Doc. No. 1-3 at 5.] Plaintiffs allege that when they began their lease, they were provided with an express written warranty in which BMW NA "undertook to preserve or maintain the utility or performance of the Vehicle or

1

to provide compensation if there is a failure in utility or performance for a specified period of time." [*Id.*] Plaintiffs further allege that their vehicle developed various defects during the warranty period, including "repeated activation of the check engine light (CEL), repeated engine malfunction, coolant system problems, defective tire system, and a squeaking brake system," [*Id.* at 5-6], and that BMW NA failed to perform its obligations to service, repair or replace the vehicle or provide Plaintiffs with restitution.

On May 29, 2020, Plaintiffs filed suit against BMW NA in state court alleging various violations of California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), CAL. CIV. CODE §§ 1790, *et seq.*, and of California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200. [*Id.* at 5-10.] BMW NA removed the matter to this Court on July 22, 2020 based on diversity jurisdiction. [Doc. No. 1.]

On November 23, 2020, BMW NA filed a motion to compel arbitration and stay this action pending the conclusion of arbitration. [Doc. No. 16.] BMW NA contends that the arbitration provision contained in the Lease Agreement (hereinafter "Lease") between Dealer and Plaintiffs [Doc. No. 16-7] encompasses the present dispute and therefore, the parties should be compelled to arbitration. The motion is now fully briefed and ripe for resolution.

**II.     Legal Standard**

The Federal Arbitration Act ("FAA") governs the enforceability of arbitration agreements in contracts involving commerce. *See* 9 U.S.C. § 1 *et seq.* The FAA makes such written arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Because arbitration is fundamentally a matter of contract, the central or primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms." *Momot v. Mastro*, 652 F.3d 982, 986 (9th Cir. 2011) (internal quotation marks and citation omitted).

Under the FAA, an aggrieved party to a written arbitration agreement "may petition any United States District Court . . . for an order directing that such arbitration proceed in

the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. "A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). Upon such a showing, the FAA "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). The scope of an arbitration clause must be interpreted liberally, and "as a matter of federal law, any doubts concerning the scope of arbitrable disputes should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Accordingly, a motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

### III. Analysis

BMW NA contends that the present dispute is encompassed by an arbitration clause contained in the Lease Agreement between Dealer and Plaintiffs, which Plaintiffs signed when they entered into a commercial transaction to lease the 2019 BMW M5 vehicle. [Doc. No. 16-7.] The Lease Agreement is between Plaintiffs (the Lessee or "I") and Dealer or its Assignee, BMW Financial Services NA, LLC ("BMW FS") (the Lessor or "you"). [*Id.* at 2.] The provision at issue here, the arbitration clause, states in relevant part:

> **ARBITRATION CLAUSE**
>
> **PLEASE REVIEW – IMPORTANT – AFFECTS OUR LEGAL RIGHTS**
>
> **NOTICE**: Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial. If a dispute is arbitrated, I will give up my right to participate as a class representative or class member on any Claim I may have against you including any right to class

> arbitration or any consolidation of individual arbitrations. Discovery and rights to appeal in arbitration are generally more limited than in a lawsuit, and other rights you and I would have in court may not be available in arbitration.
>
> **"Claim"** broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, affiliates, successors or assigns, or between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you, which arises out of or relates to my credit application, lease, purchase or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease).

[*Id.* at 7.] The parties do not dispute that the Lease Agreement does not directly refer to BMW NA, nor that BMW NA was not a signatory to the Lease Agreement. Nevertheless, BMW NA contends that it is an affiliate of the Dealer's Assignee, BMW FS, and was thus specifically intended to be benefitted by the Lease Agreement's arbitration clause. [Doc. No. 16 at 8.] Alternatively, BMW NA argues that the doctrine of equitable estoppel applies to require Plaintiffs to arbitrate the current dispute. [*Id.* at 9.] Plaintiff counters that the arbitration clause is void and unenforceable, but even if it were not, BMW NA is not entitled to invoke the arbitration clause as a non-signatory to the Lease Agreement. [Doc. No. 20 at 9-19.]

### A. Evidentiary Objections

As a preliminary matter, the Court addresses Plaintiffs' evidentiary objections. BMW NA submitted two declarations in conjunction with its motion to compel arbitration: one by Frank Avena, the General Manager of Dealer Irvine BMW [Doc. No. 16-6], and one by defense counsel Kate Lehrman [Doc. No. 16-1]. Plaintiffs object to both declarations on various evidentiary grounds. [Doc. Nos. 21, 22.]

First, Mr. Avena's declaration attached the purported Lease Agreement between Dealer and Plaintiffs as "Exhibit A." [Doc. Nos. 16-6, 16-7.] Mr. Avena declares that he is employed as the General Manager of Irvine BMW (Dealer), and that his role allows him

to access files relating to lease transactions and certify records of the dealership. [Doc. No. 16-6 ¶ 2.] Mr. Avena also states that he has control over the original documents in Dealer's files, and that he located Plaintiffs' original Lease Agreement by filtering through those files by VIN and customer name. [*Id.* ¶ 3.] Under penalty of perjury, Mr. Avena states that the Lease Agreement attached to his declaration is a true and correct copy of "the Contract for the Subject Vehicle entered into between Plaintiffs and [Dealer]." [*Id.*] Plaintiffs object that Mr. Avena's declaration is inadequate to authenticate the attached document because his declaration lacks personal knowledge, foundation, and trustworthiness, and because the document is hearsay.[1] [Doc. No. 21.]

To authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a). The burden to authenticate is "not high," and the district court "must merely conclude that the jury could reasonably find that the evidence is authentic, not that the jury necessarily would so find." *United States v. Recio*, 884 F.3d 230, 236-37 (4th Cir. 2018). An item of evidence may be authenticated by testimony of a witness with personal knowledge, or by the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." FED. R. EVID. 901(b)(1), (4).

Defendant has met its burden to authenticate the Lease Agreement. Mr. Avena states that the attached Lease Agreement is a true copy of the original document kept in Dealer's files, that such documents and files are prepared by Dealer in its ordinary course of business when a vehicle is leased, and that he maintains control over the original documents kept in Dealer's files. [Doc. No. 16-6 ¶¶ 2-3.] The document also contains "sufficient indicia that,

---

[1] The Court may properly consider evidence outside the pleadings on a motion to compel arbitration. *Xinhua Holdings Ltd. v. Elec. Recyclers Int'l, Inc.*, No. 1:13-CV-1409 AWI SKO, 2013 WL 6844270, at *5 (E.D. Cal. Dec. 26, 2013), *aff'd sub nom. Clean Tech Partners, LLC v. Elec. Recyclers Int'l, Inc.*, 627 F. App'x. 621 (9th Cir. 2015); *see Garcia v. Trademark Constr. Co.*, No. 18-CV-1214 JLS (WVG), 2019 WL 1317329, at *3 (S.D. Cal. Mar. 22, 2019). Nevertheless, the Court addresses and overrules Plaintiffs' objections to Mr. Avena's declaration.

taken in conjunction with the circumstances of its production from [Mr. Avena's] employer, support Defendant's claim that the agreement is what it purports to be." *Safley v. BMW of N. Am., LLC*, No. 20-cv-00366-BAS-MDD, 2021 WL 409722, at *3 (S.D. Cal. Feb. 5, 2021). Further, Plaintiffs have presented no evidence contesting the document's authenticity. The Court thus overrules Plaintiffs' authentication objection.

The Court also overrules Plaintiffs' hearsay objection. The Lease Agreement is "a legally operative document that defines the rights and liabilities of the parties in this case." *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1154 (9th Cir. 2000) (finding that such a document is "excluded from the definition of hearsay and is admissible evidence"). Defendant relies on the Lease Agreement to invoke the arbitration clause contained therein. The Lease Agreement therefore has independent legal significance regardless of the truth of any assertions made in the document and is admissible non-hearsay evidence.

Second, Ms. Lehrman's declaration attached the Lease Agreement, a copy of Plaintiffs' complaint, and a copy of BMW Financial Services NA, LLC's Statement of Information filed with the California Secretary of State. [Doc. Nos. 16-2, 16-3, 16-4.] Plaintiffs object that Ms. Lehrman's declaration is inadequate to authenticate either the Lease Agreement or the Statement of Information, and that both documents are hearsay. [Doc. No. 22.] The Court already overruled Plaintiffs' objection to the Lease Agreement as attached to Mr. Avena's declaration, so it need not rule again on whether the Lease Agreement may be considered. Further, the Statement of Information has no effect on the Court's analysis of the present motion. Accordingly, the Court need not consider Ms. Lehrman's declaration nor rule on Plaintiffs' objections to the Statement of Information.

### B. Enforceability of the Arbitration Agreement

The FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When analyzing the validity of a written agreement to arbitrate, federal courts "apply ordinary state-law principles that govern the formation of contracts." *Int'l Brotherhood of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th

Cir. 2020) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Under California contract law, a contract is "unlawful, and therefore unenforceable, if it is contrary to an express provision of law or contrary to the policy of express law." *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Mfg. Co.*, 6 Cal. 5th 59, 73 (2018).

Plaintiffs first argue that the Lease Agreement is "void and unenforceable because it purports to waive [Plaintiffs'] unwaivable statutory right to select a neutral arbitrator" under the California Arbitration Act ("CAA"), CAL. CIV. PROC. CODE § 1280 *et seq.* [Doc. No. 20 at 9.] Plaintiffs refer to the following language in the Lease Agreement's arbitration clause in paragraph 38:

1. "The arbitrator will not be bound by judicial rules of procedure and evidence that would apply in a court, nor by state or local laws that relate to arbitration proceedings." [Doc. No. 16-7 at 7.]
2. "This Lease involves interstate commerce and this Arbitration Clause and any arbitration hereunder shall be governed by the [FAA] and not by any state law concerning arbitration." [*Id.*]

Plaintiffs contend that this language in the Lease Agreement expressly prohibits application of the CAA, which makes it "contrary to an express provision of law" and therefore unenforceable. [Doc. No. 20 at 11.] Specifically, Plaintiffs argue that the agreement is unenforceable because it purports to waive protections provided by the CAA, "a law established for a public reason," which under California law "cannot be contravened by a private agreement." CAL. CIV. CODE § 3513.

California Civil Code section 3513 prohibits a waiver of statutory rights by private agreement where one of the primary purposes of the statute is to benefit the public. CAL. CIV. CODE § 3513. "A party may waive a statutory right where its public benefit is merely incidental to its primary purpose, but a waiver is unenforceable where it would seriously compromise any public purpose that the statute was intended to serve." *Azteca Constr., Inc. v. ADR Consulting, Inc.*, 18 Cal. Rptr. 3d 142, 148-49 (2004) (internal quotations and alterations omitted). California courts have recognized that the CAA provisions relating

to the selection of neutral arbitrators (including disclosure requirements and disqualification procedures) were undoubtedly "enacted primarily for a public purpose." *Id.* at 149.

The parties do not dispute that as an agreement executed in California, the Lease Agreement's arbitration clause is subject to the provisions of the CAA. Nor do they dispute that the CAA provisions at issue are not preempted by the FAA because the two statutes do not conflict. *See Cable Connection, Inc. v. DIRECTV, Inc.*, 190 P.3d 586, 598 (2008) (holding that the "determinative question" in whether the CAA is preempted by the FAA is "whether CAA procedures conflict with the FAA policy favoring the enforcement of arbitration agreements."); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343 (2011) (recognizing that nothing in the FAA "suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives."). However, BMW NA contends that the Lease Agreement incorporates the CAA's requirements for selecting a neutral arbitrator, whereas Plaintiffs argue that the Lease Agreement expressly prohibits application of the CAA rules to any arbitration proceedings between the parties.

The Court finds that the Lease Agreement expressly prohibits the application of California law, and therefore of the CAA, to arbitration of disputes within its scope. BMW NA argues that the "broad choice-of-law provision" in paragraph 37[2] of the contract, which provides that the lease is subject to the laws of the state in which it is signed, incorporates California's arbitration laws into the contract. [Doc. No. 25 at 3.] However, under California's "well established principles of contract interpretation, when a general and a particular provision are inconsistent, the particular and specific provision is paramount to the general provision." *Jadwin v. County of Kern*, 610 F. Supp. 2d 1129, 1190 (E.D. Cal. 2009) (quoting *Prouty v. Gores Tech. Group*, 18 Cal. Rptr. 3d 178, 185-86 (2004)). The more specific provisions of paragraph 38 referenced above expressly state that any

---

[2] The choice of law provision states: "Choice of Law. Except as may otherwise be provided by law, this Lease will be subject to the laws of the state where I sign it." [Doc. No. 16-7 at 6.]

8

3:20-CV-01423-CAB-AHG

arbitration proceedings brought under the Lease Agreement will not be governed "by any state law concerning arbitration."  This specific exclusion of state law overrides paragraph 37's general, overarching "choice of law" provision as applied to arbitration proceedings conducted under the Lease Agreement.

BMW NA next argues that the parties did not intend to waive their right to enforce the provisions of the CAA, and that Plaintiffs failed to prove waiver by clear and convincing evidence. [Doc. No. 25 at 4-5.]  The term "waiver" refers to the "intentional relinquishment or abandonment of a known right." *Lynch v. California Coastal Com.*, 396 P.3d 1085, 1088 (2017).  A party claiming waiver bears the burden of proof by clear and convincing evidence. *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 636 (1995), *as modified on denial of reh'g* (Oct. 26, 1995).  Plaintiffs, as the party bearing the burden, point out that the Lease Agreement's arbitration clause "affirmatively and expressly disclaims application of the CAA" and its procedural requirements. [Doc. No. 26 at 4.]  Under California contract law, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." CAL. CIV. CODE § 1638.  The explicit language in paragraph 38 is sufficient to establish that the parties clearly waived the application of state law to arbitration proceedings conducted under the Lease Agreement.

In sum, the arbitration clause of the Lease Agreement purports to waive the application of the CAA to "this Arbitration Clause and any arbitration hereunder."  [Doc. No. 16-7 at 7.]  Because the CAA is a "law established for a public reason," waiving it by private agreement conflicts with an express provision of California law. CAL. CIV. CODE § 3513.  The arbitration clause in paragraph 38 is thus both unlawful and unenforceable. However, "[w]here a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, in whole or in part, the contract is void to the latter and valid as to the rest." CAL. CIV. CODE § 1599.  Accordingly, the Court finds that paragraph 38 of the Lease Agreement is void and the remainder of the Lease Agreement remains valid.

///

## IV. Conclusion

Without the arbitration clause to rely on, BMW NA has no basis for moving this Court to compel arbitration under the Lease Agreement between Plaintiffs and Dealer. Accordingly, Defendant's motion to compel arbitration and stay the case is **DENIED**.

It is **SO ORDERED**.

Dated: February 22, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge